IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN HURT, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:25-CV-00978-MJT |
| v. | § | |
| | § | |
| HUNT COUNTY, TEXAS; HUNT | § | |
| COUNTY SHERIFF TERRY | § | |
| JONES, *in his official and* | § | |
| *individual capacity*;  JOHN DOE | § | |
| JAIL STAFF; BERNALILLO | § | |
| COUNTY, NEW MEXICO; | § | |
| BERNALILLO COUNTY, CLERK | § | |
| OF COURT; NEW MEXICO | § | |
| ADMINISTRATIVE OFFICE OF | § | |
| THE COURTS; JOHN DOE | § | |
| CLERKS/ADMINISTRATORS, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION ON VENUE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

*Pro se* Plaintiff John Hurt filed this action on September 8, 2025, seeking redress for alleged violations of his Fourth and Fourteenth Amendment rights and asserting related state-law claims. *See* (doc. #1 at 4).  On October 10, 2025, Plaintiff filed an amended complaint (doc. #12), reasserting his civil-rights claims, adding claims under the Americans with Disabilities Act and the

Rehabilitation Act, clarifying his state-law claims, and asking for equitable relief in addition to damages. (Doc. #12 at 6–15.) However, in the jurisdictional statements from both his initial and amended complaints, Plaintiff asserts that venue is proper in the Eastern District of Texas because his "arrest and detention occurred in Hunt County, Texas." (Docs. #12 at 2, ¶7; 1 at 2, ¶6.) Although a substantial portion of the events giving rise to this action occurred in Hunt County, Texas, see, *e.g.*, (doc. #12 at 6–8), this district is an improper venue for Plaintiff's claims.

Venue under § 1391(b)(2) is proper in the "judicial district" where "a substantial part of the events or omissions giving rise to the claim occurred." But Hunt County, Texas, is in the Northern District of Texas. *See* 28 U.S.C. § 124(a)(1) (listing "Hunt" County among the counties comprising the Dallas Division of the Northern District of Texas). Thus, venue lies in the Northern—not Eastern—District of Texas. And when a case "laying venue in the wrong division or district" is filed, the court "shall dismiss" it unless "it be in the interest of justice" to transfer the case "to any district or division in which it could have been brought." § 1406(a). Accordingly, the undersigned finds that the interests of justice warrant transfer to the Dallas Division of the Northern District of Texas. An appropriate order so providing will be entered.

**SIGNED this the 29th day of October, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE